UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

04 - 10039 RCL

CHARLES LANGONE, as FUND MANAGER )
of the NEW ENGLAND TEAMSTERS AND )   2004 JAN -8 A 11: 15   MAGISTRATE JUDGE Alexander
TRUCKING INDUSTRY PENSION FUND, )
                                                             U.S. DISTRICT COURT
        Plaintiff,                   DISTRICT OF MASS.
                                    )
                                    )                C.A. No.
v.                                  )
                                    )                52989
DUROD, LIMITED                 )                AMOUNT $150
                                    )                SUMMONS ISSUED yes
        Defendant.                  )                LOCAL RULE 4.1
                                    )                WAIVER FORM
                                                                 MCF ISSUED
                          COMPLAINT              BY DPTY. CLK.
                              Count I

1.     This is an action under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1001, *et seq.*, brought on behalf of the New England Teamsters and Trucking Industry Pension Fund ("Pension Fund") for damages and injunctive relief arising from unpaid and delinquent contributions.

2.     This court has jurisdiction pursuant to 29 U.S.C. §1132(e)(1) and venue lies in this district pursuant to 29 U.S.C. §1132(e)(2).

3.     Plaintiff, Charles Langone, is the Fund Manager of the Pension Fund and is a "fiduciary" within the meaning of Section 502(a)(3) of ERISA, 29 U.S.C. §1132(a)(3). The Pension Fund is a "multi-employer plan" within the meaning of Section 3(37)(A) of ERISA, 29 U.S.C. §1002(37)(A) and is an "employee benefit plan" or "plan" within the meaning of Section 3(3) of ERISA, 29 U.S.C., §1002(3). The Pension Fund has its principal office at and is administered from 535 Boylston Street, Boston, Massachusetts.

4. Defendant Durod, Limited ("Durod") is an employer with a place of business in Marshfield, Massachusetts.

5. Durod is an "employer" within the meaning of 29 U.S.C. §1002(5) and an employer in an industry affecting commerce within the meaning of 29 U.S.C. §142(1) and §152(2), (6) and (7).

6. Teamsters Local Union No. 379 ("Local 379") is a "labor organization" within the meaning of 29 U.S.C. §152(5).

7. At all material times, Defendant Durod was obligated to allow the Pension Fund to conduct a payroll audit pursuant to a Collective Bargaining Agreement ("CBA") between Durod and Local 379, Article V of the Pension Fund's Restated Agreement & Declaration of Trust and Sections (c) and (e) of the Standard Participation Agreement of the Pension Fund as incorporated into the CBA.

8. Defendant Durod is further obligated to allow the Pension Fund to conduct a payroll audit pursuant to its signed assent to the Project Labor Agreement, Special Provisions covering work performed on the Central Artery Project, dated March 2002.

9. The purpose of the payroll audit is to ensure that the Defendant has accurately recorded and paid pension contributions in compliance with the terms of the aforementioned CBA and Restated Agreement & Declaration of Trust, and in compliance with ERISA Section 515, 29 U.S.C. §1145.

10. Specifically, the Pension Fund has requested a payroll audit seeking the following payroll records and information pertaining to all employees covered by the Collective Bargaining Agreement for the period January 1, 1997 though December 31, 2002.

11. Defendant has refused to comply with Plaintiff's requests for an audit.

WHEREFORE, Plaintiff demands that judgment enter against Defendant Durod in accordance with Section 502 of ERISA, 29 U.S.C. §1132(g)(2) ordering that:

1) Defendant Durod, permit the Pension Fund to conduct a complete audit of the Defendant's payroll records for the time period of January 1, 1997 through December 16, 2002.

3) Defendant Durod, Limited. pay all attorney's fees and costs incurred by Plaintiff in connection with this action.

4) Ordering such other and further relief as this court may deem just and proper.

### Count II

12. Plaintiff hereby incorporates by reference paragraphs 1 through 6 of this Complaint as if set forth herein.

13. At all material times, Defendant has been obligated by the terms of one or more collective bargaining agreements between defendant and Teamsters Local Union No. 379 and by the terms of an Agreement and Declaration of Trust to which defendant is bound to make contributions on behalf of certain employees to the Pension Fund.

14. Defendant Durod is further obligated to allow the Pension Fund to to make contributions to the Pension Fund on behalf of certain employees pursuant to its signed assent to the Project Labor Agreement, Special Provisions covering work performed on the Central Artery Project, dated March 2002.

15. Defendant has failed to make required contributions to the Pension Fund in violation of Section 515 of ERISA, 29 U.S.C. §1145.

WHEREFORE, plaintiff demands that judgment enter in accordance with Section 502 of ERISA, 29 U.S.C. §1132(g)(2):

1. Awarding the Pension Fund the following amounts:

   a. the unpaid contributions;

   b. interest on those contributions from the date the payment was due;

   c. liquidated damages in an amount equal to the greater of interest on the unpaid contributions or 20% of the unpaid contributions;

   d. all costs and reasonable attorney's fees incurred by the Pension Fund in connection with this action; and

2. Permanently enjoining the defendant from violating its obligations under the terms of its collective bargaining agreements with Teamsters Local Union No. 379 and the Agreement and Declaration of Trust to make timely contributions and reports to the Pension Fund; and

3. Ordering such other and further relief as this court may deem just and proper.

Dated: January 6, 2004

Respectfully submitted,

Catherine M. Campbell
BBO #549397
FEINBERG, CAMPBELL & ZACK, P.C.
177 Milk Street
Boston, MA 02109
(617) 338-1976

Attorney for plaintiff,
Charles Langone, Fund Manager

CERTIFICATE OF SERVICE

I, Catherine M. Campbell, hereby certify that I caused a copy of the foregoing to be mailed this date by certified mail, return receipt requested, to the United States Secretaries of Labor and Treasury.

Date: January 6, 2004

Catherine M. Campbell

4