UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C. A. NO.   04-10039 RCL

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
CHARLES LANGONE, as FUND MANAGER        \*
of the NEW ENGLAND TEAMSTERS AND        \*
TRUCKING INDUSTRY PENSION FUND,         \*
    Plaintiff,                          \*
                                        \*
v.                                      \*
                                        \*
DUROD, LIMITED,                         \*
    Defendant.                          \*
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

ANSWER TO PLAINTIFF'S COMPLAINT,
AFFIRMATIVE DEFENSES, AND JURY DEMAND

NOW COMES the defendant, Durod Limited (hereinafter "Durod") and hereby answers the numbered allegations of the plaintiff, Charles Langone, as Fund manager of the New England Teamsters and Trucking Industry Pension Fund's (hereinafter "Sunset") complaint as follows:

## COUNT I

1.  The defendant states that there are no factual allegations contained in paragraph 1 which the defendant is required to admit or deny.  The defendant states that paragraph 1 contains legal conclusions which are contested.  To the extent that there are any factual allegations contained herein, the defendant denies the same.

2.  The defendant states that there are no factual allegations contained in paragraph 2 which the defendant is required to admit or deny.  The defendant states that paragraph 2 contains legal conclusions which are contested.  To the extent that there are any factual allegations contained herein, the defendant denies the same.

3.  Admitted.

4.  Admitted.

5.  The defendant states that there are no factual allegations contained in paragraph 5 which the defendant is required to admit or deny.  The defendant states that paragraph 5 contains legal conclusions which are contested.  To the extent that there are any factual allegations contained herein, the defendant denies the same.

1

6. Admitted.

7. The defendant denies the allegations contained in paragraph 7.

8. The defendant is without knowledge and/or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 and therefore denies the same.

9. The defendant is without knowledge and/or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 and therefore denies the same.

10. Admitted.

11. The defendant denies the allegations contained in paragraph 10.

WHEREFORE the defendant, Durod, requests the foregoing complaint be dismissed and the defendant, Durod, be awarded its costs, expenses and reasonable counsel fees associated with defending against said claims.

## COUNT II

12. The Defendant repeats and realleges his answers in Paragraphs 1 through 11 as if expressly set forth and incorporated herein.

13. The defendant is without knowledge and/or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 and therefore denies the same.

14. The defendant is without knowledge and/or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 and therefore denies the same.

15. The defendant denies the allegations contained in paragraph 15.

WHEREFORE the defendant, Durod, requests the foregoing complaint be dismissed and the defendant, Durod, be awarded its costs, expenses and reasonable counsel fees associated with defending against said claims.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The plaintiff has failed to plead a cause of action in compliance with Rule 12(b)(6) of the Federal Rules of Civil Procedure and therefore its claims must be dismissed as a matter of law.

### SECOND AFFIRMATIVE DEFENSE

The plaintiff has failed to join a necessary party, to wit: Modern Continental.

### THIRD AFFIRMATIVE DEFENSE

The plaintiff is guilty of laches.

### FOURTH AFFIRMATIVE DEFENSE

The plaintiff's claims are barred in whole or in part by estoppel or waiver.

### FIFTH AFFIRMATIVE DEFENSE

The plaintiff's Complaint is barred by the applicable statute of limitations.

### SIXTH AFFIRMATIVE DEFENSE

If the defendant ever owed any amounts of money, those amounts have been paid prior to the commencement of suit.

The defendant, Durod, reserves the right to assert such other and further defenses as may become apparent during and after discovery.

## JURY DEMAND

Durod Limited demands a jury trial on all issues.

# GALVIN
# & GALVIN

Attorneys at law
- A Sole Proprietorship

10 ENTERPRISE STREET, SUITE 3
DUXBURY, MASSACHUSETTS 02332-3315
CORNERS OF ROUTES 3A AND 139

<u>Robert E. Galvin</u>
    Robert W. Galvin
    Deirdre S. Weiler
    <u>William J. Galvin (1898-1995)</u>

March 19, 2004

<u>VIA FIRST-CLASS MAIL</u>
United States District Court
District of Massachusetts
1 Courthouse Way
Boston, Massachusetts 02210
617-748-9152

Re: **Charles Langone as Fund Manager of the New England Teamsters and Trucking Industry Pension Fund v. Durod, Ltd.**
**C.A. No. 04-10039 RCL**

Dear Clerk:

Enclosed herewith in regards to the above referenced matter please find the following:

(a) Defendant, Durod, Limited's Answer to Plaintiff's Complaint and Affirmative Defenses with Jury Demand;

(b) Certificate of Service.

Kindly file and docket in your usual manner. Thank you for your attention to this matter.

Very truly yours,

Robert W. Galvin, Esq.

Enc.
cc:   Catherine M. Campbell, Esq.
     Durod, Limited
     File No. 1507-04

(781) 934-5678    (781) 834-4224    (781) 585-9202    FAX (781) 837-1030

1