UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CHARLES LANGONE, as FUND MANAGER of the NEW ENGLAND TEAMSTERS AND TRUCKING INDUSTRY PENSION FUND,<br><br>      Plaintiff,<br><br>v.<br><br>DUROD, LIMITED<br><br>      Defendant. | )<br>)<br>)<br>)<br>)<br>)  C.A. No. 04cv10039 RCL<br>)<br>)<br>)<br>)<br>)<br>) |

**RESUBMITTED JOINT STATEMENT AND PROPOSED PRETRIAL SCHEDULE**

Pursuant to the Notice of Scheduling Conference issued by this Court, counsel for the parties have conferred for the express purpose of (1) preparing an agenda of matters to be discussed at the November 10, 2004 scheduling conference, (2) preparing a proposed pretrial schedule for the case that includes a plan for discovery, and (3) considering whether they will consent to trial by magistrate judge.

I. DISCOVERY AND MOTION SCHEDULE

As a result of said conference between counsel, parties have agreed, subject to Court approval, to prepare for trial in accordance with the following proposed pretrial schedule.

    1.    All discovery shall be completed by April 28, 2005.

    2.    Parties shall file any and all Rule 56 Motions for either partial or total summary judgment by June 15, 2005.

A.   PLAINTIFF'S POSITION

Plaintiff is Fund Manager for the New England Teamsters and Trucking Industry Pension Fund, a multi-employer, Taft-Hartley benefit fund. Defendant was obligated to make contributions to the Fund pursuant to the Project Labor Agreement, Division 1, special provision covering work to be performed on the Central Artery Tunnel Project and pursuant to the Employee Retirement Income Security Act of 1974, 29 U.S.C. §1001, *et seq*. Durod has failed to make such contributions since February 2004.

Furthermore, as a contributing employer to the Fund, Durod is required to make available its payroll records to the Fund for a payroll examination, pursuant to the Fund's Restated Agreement and Declaration of Trust. This examination is necessary to verify that contributions were properly paid to Plaintiff Fund and is necessary to assure that Durod's employees receive the correct pension credit, which is the basis on which pension benefits are determined. Although the Fund has obtained some documentation through the administrator of the Central Artery, these records are incomplete. Durod has refused to make the requested documents available.

Plaintiff reserves his right to supplement this statement.

B.   DEFENDANT'S POSITION

The defendant, Durod, Ltd., a minority disadvantaged business entity, is not a signatory to the Project Labor Agreement referenced in the complaint; however, is obligated with respect to its union employees on applicable portions of the CA/T project to make contributions to the union health & welfare and pension funds. The defendant, Durod, states that as a result of delayed payments by its CA/T general contractor, Modern Continental (in violation of contractual and d/b/e requirements), Durod was delayed for a

brief period of time in 2003 from timely payment of a portion of its contributions to the Fund; however, Durod, on a weekly basis managed to pay its union and non-union employees the correct wages and ultimately received full payment allowing to forthwith pay all outstanding contributions to the Fund which said payments were made prior to the initiation of these proceedings.

The subject of payments to the health & welfare and pension funds is also the subject of a Teamsters' union grievance now pending and which is scheduled to be heard on June 3, 2004 at the CA/T offices at 185 Kneeland Street, Boston, MA before Michael Walsh, the sole arbitrator designated to consider such issues.  Durod maintains that the existence of these proceedings is duplicative of the arbitration proceedings.

Durod further states that as a result of Durod frequent refusal to accede to other union demands and its own practice of asserting its management rights vis. Teamster's union and union employees (including contesting employee grievances through arbitration) the Teamster's union, through its Fund Manager, is carrying through with this legal action as a punitive measure.  Durod maintains that the Fund Manager is only entitled to payroll records relating to the CA/T project and that the only complete set of these payroll records are maintained now by Modern Continental to which Durod submits such records on a certified basis weekly.  Durod further maintains that Joseph Clougherty, the subcontract manager for Modern Continental, and the union secretary, John Mahoney, have an understanding that the union will be provided with the necessary payroll records in order to evaluate whether the correct contributions were paid on behalf of Durod's union employees.

The defendant, Durod, reserves the right to supplement this statement.

III. MAGISTRATE

The parties do not consent to trial by Magistrate Judge.

| For the Plaintiff, | For the Defendants, |
|---|---|
| CHARLES LANGONE, as FUND MANAGER Of the NEW ENGLAND TEAMSTERS AND TRUCKING INDUSTRY PENSION FUND, By his Attorney, | DUROD, LIMITED , By their Attorney, |
| /s/ Catherine M. Campbell Catherine M. Campbell BBO #549397 Feinberg, Campbell & Zack, P.C. 177 Milk Street Boston, MA  02109 (617) 338-1976 | /s/ Robert  W. Galvin Robert W. Galvin, Esq. BBO# 561397532350 Galvin & Galvin, SP 10 Enterprise Street, Suite 3 Duxbury, MA 02332-3315 (781) 934-5678 |
| Dated: November 5, 2004 | Dated: November 5, 2004 |