UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| CHARLES LANGONE, as FUND MANAGER of the NEW ENGLAND TEAMSTERS AND TRUCKING INDUSTRY PENSION FUND,<br><br>Plaintiff,<br><br>v.<br><br>DUROD, LIMITED<br><br>Defendant. | C.A. No. 04cv10039 RCL |

PLAINTIFF'S MOTION FOR APPROVAL OF TRUSTEE PROCESS
AND REQUEST FOR INJUNCTIVE RELIEF

This is a proceeding pursuant to Federal Rule of Civil Procedure 64 in aid of the efforts of the Plaintiff, New England Teamsters and Trucking Industry Pension Fund ("Plaintiff" or "Fund") to make certain that there are sufficient assets of Defendant Durod, Limited ("Defendant" or "Durod") available to the Plaintiff upon entry of judgment by this Court. Plaintiff seeks an order in accordance with the practice and procedure of the Commonwealth of Massachusetts as set forth in M.G.L. c. 246 and Rule 4.2 of the Massachusetts Rules of Civil Procedure. Plaintiff seeks an order of attachment by trustee process of the property, right, title or interest of the defendant presently in the control or possession of third party Modern Continental Companies, to satisfy the expected Judgment against Defendant.

Specifically, Plaintiff maintains that it is currently owed $61,695.22 in delinquent contributions and attorney's fees and costs. Upon information and belief, Modern Continental owes a debt to Defendant Durod in the amount of $25,000.00, is holding sufficient funds to pay that debt, and intends to release such funds to Defendant within the next several weeks.

As grounds for its Motion, Plaintiff states as follows:

1. On January 8, 2005, Plaintiff brought this action under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1001, *et seq.*, to collect delinquent contributions owed to the Fund, and interest, underpayments, and late fees on those contributions owed to the Fund, and to compel a payroll audit of Defendant Durod, Limited. (Affidavit of Charles Langone, ¶ 4; Affidavit of Jonathan M. Conti, ¶ 2).

2. Contributions are due for work performed by Durod, Limited on the Central Artery Tunnel Project, pursuant to the terms of the Central Artery (I-93)/Tunnel (I-90) Project Labor Agreement. Durod began working on that project in or about July 1997. (Langone Aff., ¶ 6).

3. Article X, Section 2 of the PLA provides that a participating contractor "agrees to pay contributions to the established employee benefit funds in the amounts designated," and also "adopts and agrees to be bound by the written terms of the legally-established Trust Agreements specifying the detailed basis on which payments are to be made into, and benefits paid out of, such Trust Funds." (Langone Aff., ¶ 7).

4. In November 1997, Durod opened an account with the Fund to make contributions for their employees working on the Project, and in March 1998, the Trustees of the Fund formally accepted Durod as a contributing employer in the Fund and Pension Plan. (Langone Aff., ¶ 8).

5. Although Defendant paid $374,079.36 in contributions to the Fund from 1997 through February 2002, Defendant disputes it was bound to contribute to the Fund prior to March 26, 2002 when it signed a document called an Assent to the Project

|   |   |
|---|---|
|   | Labor Agreement.  Defendant had therefore refused to provide payroll records prior to March 2002.  (Langone Aff., ¶ 9). |
| 6. | At a mediation session before Magistrate Judge Marianne B. Bowler on August 10, 2006, Defendant nevertheless agreed to supply documents to the Fund's auditor from 1999 to the present.  The Fund has been unable to complete its audit as the Defendant is still compiling records.  (Langone Aff., ¶ 10). |
| 7. | Although the Fund may find additional contributions are owed when the audit is complete, Defendant is delinquent in making contributions to the Fund for February 2004 through September 2004 and for November 2006.  These delinquencies occurred in the time period during which Durod concedes it was bound to make contributions to the Fund.  (Langone Aff., ¶¶ 11, 13). |
| 8. | Because Durod has failed to file remittance reports to the Fund for the above stated period, the Fund has estimated the amount owed at $21,268.21. This amount was calculated based upon Durod's average monthly contributions of $2,658.53 per month in the six month period preceding the delinquency.  (Langone Aff., ¶ 11). |
| 9. | Pursuant the Fund's Agreement and Declaration of Trust ("Trust Agreement) interest on delinquent contributions is based upon Section 6621 of the Internal Revenue Code. Therefore, interest on the contributions owed for February 2004 is assessed at 6% per month compounded monthly; and interest on the delinquent contributions for March 2004 through September 2004 is assessed at the contractual rate of 5% per month compounded monthly.  Interest on the $21,268.21 in contributions owed by Durod to the Fund for February 2004 through September 2004 is in the estimated amount of |

3

$2,964.41. (Langone Aff., ¶ 12). Contributions for the month of November 2006 are estimated in the amount of $1,577.00. (Langone Aff., ¶ 13).

10. Durod owes the Fund $767.17 in accumulated late charges for delinquent contributions since August 2002. (Langone Aff., ¶ 14). Pursuant to ERISA 502(g)(2), 29 U.S.C. 1132(g)(2), the Fund is entitled to:

   a. the unpaid contributions;

   b. interest on those contributions from the date the payment was due;

   c. liquidated damages in an amount equal to the greater of interest on the unpaid contributions or 20% of the unpaid contributions; and

   d. all costs and reasonable attorney's fees incurred by the Pension Fund in connection with this action. (Langone Aff., ¶ 15).

11. Liquidated damages on $21,268.21 in delinquent contributions are the greater of interest ($2,964.41) or 20% of the delinquency ($4,253.64). Consequently, Plaintiff is entitled to $4,253.64 in liquidated damages. (Langone Aff., ¶ 16).

12. Notwithstanding what additional amounts may be owed pursuant to the audit or for the pre-2002 period, Durod owes the Funds $30,830.43 in delinquent contributions, interest, late fees, and liquidated damages based upon the estimates provided above. (Langone Aff., ¶ 17).

13. The Fund has also currently incurred $30,864.79 in attorney's fees and costs in litigating this matter. (Langone Aff., ¶ 18; Conti Aff., ¶ 3, Exhibit A).

14. The combination of estimated delinquent contributions, interest and liquidation damages on the delinquent contributions, late fees, and attorney's fees as calculated above totals more than $25,000.00, which, upon information and belief, is the amount Trustee Modern Continental Companies ("Modern") currently owes to Durod for

4

non-wage related matters involving the Central Artery project and which Modern is currently holding. (Conti Aff., ¶ 4).

15. Upon information and belief, Modern intends to satisfy its debt to Defendant and therefore release the $25,000.00 it owes to Durod within the next several weeks. (Conti Aff., ¶ 4).

16. Upon information and belief, there is no liability insurance available to satisfy the Judgment. (Langone Aff., ¶ 19).

**WHEREFORE**, Plaintiff respectfully requests that the Court grant its Motion for Approval of Pre-Judgment Trustee Process to attach any funds currently being held by Trustee Modern Continental Companies in connection with the Central Artery project, including debts owed to Durod by Modern Continental, and enjoin Trustee Modern Continental from alienating, assigning, transferring, or encumbering any money owed to Durod in a minimum amount of $25,000.00 or until Defendant's debt to Plaintiff is satisfied.

Dated: January 17th, 2007

Respectfully submitted,

For the Plaintiff,
CHARLES LANGONE, as
FUND MANAGER of the
NEW ENGLAND TEAMSTERS &
TRUCKING INDUSTRY PENSION FUND,

By his Attorneys,

/S/ Jonathan M. Conti
Catherine M. Campbell, BBO #549397
Jonathan M. Conti, BBO #657163
Feinberg, Campbell & Zack, P.C.
177 Milk Street, Boston, MA 02109
(617) 338-1976

## **CERTIFICATE OF SERVICE**

    I, Jonathan M. Conti, Esq., do hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) this 17th day of January 2007.

                                              /s/ Jonathan M. Conti_____
                                              Jonathan M. Conti, Esq.