UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CHARLES LANGONE, as FUND MANAGER of the NEW ENGLAND TEAMSTERS AND TRUCKING INDUSTRY PENSION FUND,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>DUROD, LIMITED<br><br>　　　　　Defendant. | C.A. No. 04cv10039 RCL |

MEMORANDUM IN SUPPORT OF PLAINTIFF'S
MOTION FOR APPROVAL OF ATTACHMENT ON TRUSTEE PROCESS

I.    Introduction

This is a proceeding pursuant to Federal Rule of Civil Procedure 64 in aid of the efforts of the Plaintiff, New England Teamsters and Trucking Industry Pension Fund ("Plaintiff" or "Fund"), to make certain that there are sufficient assets of Defendant Durod, Limited ("Defendant" or "Durod") available to the Plaintiff upon entry of judgment by this Court.

Plaintiff seeks an order in accordance with the practice and procedure of the Commonwealth of Massachusetts as set forth in M.G.L. c. 246 and Rule 4.2 of the Massachusetts Rules of Civil Procedure. Specifically, Plaintiff seeks an order of attachment by trustee process of the property, right, title or interest of the defendant in the control or possession of Modern Continental Companies ("Modern"), to satisfy the expected Judgment against Defendant Durod.

On January 8, 2005, Plaintiff brought this action under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1001, *et seq.*, to collect delinquent contributions, compel a payroll audit of Defendant Durod, Limited, and to collect interest, underpayments, and late fees on past due contributions owed to the Fund. (Plaintiff's Motion for Approval of Trustee Process and Request for Injunction Relief, ¶ 1). Defendant is delinquent in making contributions to the Fund for February 2004 through September 2004 and for November 2006, and owes past due interest, liquidated damages, and underpayments in a total estimated amount of $30,830.43.[1] (Pl's Motion, ¶ 13). Moreover, in litigating this matter, the Fund has already incurred $30,864.79 in attorney's fees and costs. (Pl's Motion, ¶ 14).

Upon information and belief, Trustee Modern Continental Companies owes a non-wage related debt to Defendant Durod in the non-wage-related amount of $25,000.00 in connection with Durod's work on the Central Artery Tunnel Project, is holding sufficient funds to pay that debt, and upon, information and belief, intends to release such funds to Defendant within the next several weeks. (Pl's Motion, ¶¶ 16, 17).

II.   Standard for Trustee Process

Massachusetts Rule of Civil Procedure 4.1 (c) governs prejudgment attachment and provides that in order for such attachment to occur, the plaintiff must demonstrate "'that there is a reasonable likelihood that [it] will recover judgment, including interests and costs,

---

[1] Plaintiff claims that Defendant was bound to make contributions to the Fund dating back to 1997, while Defendant claims that it only became bound to make contributions on March 26, 2002. The parties are currently participating in mediation and Defendant has agreed, and is in the process of providing, documents dating back to 1999 to the Fund's auditor. It is possible that additional contributions, besides those due for February 2004 through September 2004 and for November 2006, will also come due depending on the results of the Fund's audit, as well as on the Court's ultimate decision as to whether Durod was bound to make contributions to the Fund prior to March 26, 2002. The $30,830.43 figure listed above for contributions, interest, liquidated damages, late fees, and underpayment is based only upon amounts that were owed after March 26, 2002.

2

in an amount equal to or greater than the amount of the attachment over and above any liability insurance shown by [defendant] to be available to satisfy the judgment.'" *Naps, Inc. v. Verizon New England, Inc.*, 2006 U.S. Dist. LEXIS 65458 (D. Mass.) (September 11, 2006). If the defendant lacks liability insurance, then "the only issues before the Court are whether [the plaintiff] is reasonably likely to succeed on the merits and, if so, the extent of [its] monetary recovery." *Rodriguez v. Montalvo*, 337 F. Supp.2d 212, 215 (D. Mass. 2004).

Massachusetts Rule of Civil Procedure 4.2(c) authorizes attachment by trustee process, which is what Plaintiff seeks here and which is "a different Massachusetts device to freeze interests held by a third party but belonging to the defendant." *Micro Signal Research, Inc. v. Otus,* 417 F.3d 28, 30 n.1 (1st Cir. 2005). "The standard for attachment by trustee process is essentially the same" as that of Mass. R. Civ. P. 4.1(c). Mass. R. Civ. P. 4.2(c) authorizes attachment by trustee process "upon a finding by the court that there is a reasonable likelihood that the plaintiff will recover judgment, including interests and costs, in an amount equal to or greater than the amount of the attachment". *Naps, Inc. v. Verizon New England, Inc.*, 2006 U.S. Dist. LEXIS 65458 (D. Mass.) (September 11, 2006).

III.   Plaintiff Has a Reasonable Likelihood of Recovering a Judgment in an Amount Equal to or Greater than the $25,000.00 Sought to be Attached.

As stated in Plaintiff's Motion, regardless of the ultimate outcome of the parties' dispute as to when Durod became a contributing employer to the Fund, it is undisputed that Durod was bound to make contributions to the Fund for work performed on the Central Artery Tunnel Project from March 26, 2002.

Durod did not make contributions, nor submit remittance reports for work on the Central Artery Tunnel project between February 2004 and September 2004 or November 2006. As stated in Plaintiff's Motion, Durod has not provided the Fund with any

3

documentation, so the Fund estimates the contributions owed for this period at $2,658.53 per month based upon the average contributions paid to the six months prior to the delinquency.  Thus, Durod currently owes a total of $21,268.21 in estimated delinquent contributions for the months of February 2004 through September 2004 ($2,658.53 per month for eight months) $1,577.00 for the month of November, 2006, and $767.17 in late charges accumulated since August 2002.

Pursuant to ERISA Section 502(g)(2), 29 U.S.C. 1132(g)(2), the Fund is entitled to interest, liquidated damages on those delinquent contributions, as well as reasonable fees and costs.  The Fund is entitled to a principal amount of $21,268.21, interest of $2,964.41 and liquidated damages of $4,253.64 and attorney's fees and costs of $30,864.79.  See: *Carpenters Health and Welfare Fund of Philadelphia and Vicinity,* 747 F.Supp. 288 (E.D.Pa. 1990) (Plaintiff funds entitled to payment of interest, liquidated damages, and attorney's fees in an action filed under ERISA seeking payment of fringe benefit contributions and an order compelling defendant employer to permit an audit of their records to determine the amount of unpaid contributions owed).

Thus, Plaintiff has demonstrated that it is entitled to an estimated amount of at least $61,695.22 with the possibility for additional amounts owed for contributions depending on the result of the Fund's pending audit.  As these delinquencies had occurred in the period during which the Defendant does not dispute its obligation to contribute to the Fund, Plaintiff has a reasonable likelihood of succeeding on the merits and being awarded a Judgment in an amount in excess of the $25,000.00 currently being held by Modern Continental Companies and owed to Durod.

IV    There are Funds Being Held by a Third Party for Durod that are Subject to Attachment Via Trustee Process.

Lastly, there are funds available to be trustee processed. Upon information and belief, Modern owes Durod $25,000.00 for non-wage related matters involving Durod's work on the Central Artery Tunnel Project and will be releasing said $25,000.00 in funds to Durod within the next several weeks.

V.    Conclusion.

As it is likely that Plaintiff will recover an amount equal to or in excess of the $25,000.00 being held by Modern that is due Defendant Durod, the Court should order the attachment via trustee process of the $25,000.00 currently being held by Modern and owed to Durod.

Dated: January 17, 2007

Respectfully submitted,

For the Plaintiff,
CHARLES LANGONE, as
FUND MANAGER of the
NEW ENGLAND TEAMSTERS &
TRUCKING INDUSTRY PENSION FUND,
By his Attorneys,

/S/ Jonathan M. Conti
Catherine M. Campbell, BBO #549397
Jonathan M. Conti, BBO #657163
Feinberg, Campbell & Zack, P.C.
177 Milk Street, Boston, MA 02109
(617) 338-1976

Case 1:04-cv-10039-PBS   Document 50   Filed 01/17/2007   Page 6 of 6

6