UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CHARLES LANGONE, as FUND MANAGER of the NEW ENGLAND TEAMSTERS AND TRUCKING INDUSTRY PENSION FUND,<br><br>      Plaintiff,<br><br>v.<br><br>DUROD, LIMITED<br><br>      Defendant. | C.A. No. 04cv10039 RCL |

AFFIDAVIT OF CHARLES E. LANGONE

I, Charles Langone, under oath and based on my personal knowledge, hereby depose and state the following:

1. My name is Charles Langone and I am the Fund Manager for the New England Teamsters & Trucking Industry Pension Fund (hereinafter "Pension Fund" or "Fund"). I have been the Fund Manager since October 1990. The Pension Fund has its principal place of business at One Wall Street, 4th Floor, Burlington, MA 01803-4768.

2. As Fund Manager, I am responsible for the day-to-day administration of the Fund and the maintenance and oversight of all Fund records. Specifically, I ensure that contributions from contributing employers to the Fund are properly processed, that pension credit of Fund participants is accurately calculated and that pension benefits are paid in compliance with the Fund's Trust Agreement and Pension Plan, and in accordance with the directions, policies and procedures

      of the Fund's Board of Trustees. In addition, I process all appeals of participants and present these appeals to the Board of Trustees.

3. In the performance of my duties, I have personal knowledge of those documents governing the administration of the Fund including, but not limited to, the Trust Agreement, the Pension Plan, the relevant collective bargaining agreements, and the Project Labor Agreement, as well as any interpretative guidelines set forth by the Fund's Board of Trustees regarding Plan administration.

4. On January 8, 2005, the Fund brought this action under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1001, *et seq.*, to collect delinquent contributions, compel a payroll audit of Defendant Durod, Limited, and to collect interest, late fees, and underpayments on past due contributions owed to the Fund.

5. Defendant is delinquent in making contributions to the Fund for February 2004 through September 2004 and for November 2006; owes past due interest, liquidated damages, and underpayments; and had, until August 2006, refused to comply with Plaintiff's requests for a payroll audit, including refusing and failing to provide any documents in response to Plaintiff's request.

6. Contributions are due for work performed by Durod, Limited on the Central Artery Tunnel Project, pursuant to the terms of the Central Artery (I-93)/Tunnel (I-90) Project Labor Agreement. Durod began working on that project in or about July 1997.

7. Article X, Section 2 of the PLA provides that a participating contractor "agrees to pay contributions to the established employee benefit funds in the amounts designated," and also "adopts and agrees to be bound by the written terms of the legally-established Trust Agreements specifying the detailed basis on which payments are to be made into, and benefits paid out of, such Trust Funds."

8. In November 1997, Durod opened an account with the Fund to make contributions for their employees working on the Project, and in March 1998, the Trustees of the Fund formally accepted Durod as a contributing employer in the Fund and Pension Plan.

9. Despite making $374,079.36 in contributions to the Fund from 1997 through February 2002, Durod disputes that it was bound to make contributions prior to March 26, 2002, when it signed an Assent to the Project Labor Agreement. Durod concedes, however, that it was bound to make contributions to the Fund beginning on March 26, 2002.

10. On August 10, 2006, counsel for the Fund and I, as well as Durod's representatives, attended a mediation session before Magistrate Judge Marianne B. Bowler. Durod agreed to supply documents to the Fund's auditor from 1999 to the present. Durod is presently still compiling records for the Fund's auditor.

11. Durod is delinquent in contributions and has failed to file remittance reports to the Fund for the months of February 2004 through September 2004 in the estimated amount of $21,268.21. This estimate is based upon monthly

contribution of $2,658.53 as this is the average of contributions paid in the six months to the delinquency.

12. Pursuant to the Fund's Trust Agreement, interest on the delinquent contributions is calculated in accordance with Section 6621 of the Internal Revenue Code. For February 2004, interest is assessed at 6% per month compounded monthly, and for March 2004 through September 2004 interest is assessed at 5% per month, compounded monthly. Therefore, interest on the contributions owed between February 2004 and September 2004 is in the estimated amount of $2,964.41.

13. Durod is also delinquent in contributions for the month of November 2006 in the estimated amount of $1,577.00.

14. Durod owes the Fund $767.17 in late charges for delinquent contributions accumulated since August 2002.

15. Pursuant to ERISA 502(g)(2), 29 U.S.C. 1132(g)(2), the Fund is entitled to:

   a. the unpaid contributions;

   b. interest on those contributions from the date the payment was due;

   c. liquidated damages in an amount equal to the greater of interest on the unpaid contributions or 20% of the unpaid contributions; and

   d. all costs and reasonable attorney's fees incurred by the Pension Fund in connection with this action.

16. The Fund is entitled to liquidated damages in an amount equal to the greater of the interest due on the $21,268.21 in delinquent contributions (i.e. $2,964.41) or liquidated damages assessed at 20% of the delinquency (i.e. $4,253.64). Consequently, the Fund is entitled to $4,253.64 in liquidated damages.

17. Durod owes the Funds approximately $30,830.43 in delinquent contributions, interest, liquidated damages, and late fees on those delinquent contributions.

18. The Fund has also currently incurred $30,864.79 in attorney's fees and costs in litigating this matter.

19. I know of no liability insurance available to satisfy the Judgment.

SIGNED UNDER THE PENALTIES OF PERJURY THIS 17th DAY OF JANUARY, 2007.

/S/ Charles E. Langone
Charles E. Langone