UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CHARLES LANGONE, as FUND MANAGER of the NEW ENGLAND TEAMSTERS AND TRUCKING INDUSTRY PENSION FUND,<br><br>      Plaintiff,<br><br>v.<br><br>DUROD, LIMITED<br><br>      Defendant. | C.A. No. 04cv10039 RCL |

MOTION FOR RECONSIDERATION OF ORDER ALLOWING MOTION FOR
RECONSIDERATION AND MOTION FOR SUMMARY JUDGMENT

NOW COMES the defendant, Durod, Ltd., and hereby moves this Honorable Court pursuant to the applicable Federal Rules of Civil Procedure and Local Rule 7.1 reconsider an order dated January 12, 2007 (1) vacating a previous order denying plaintiff's motion for summary judgment dated November 21, 2005, (2) allowing plaintiff's motion for reconsideration of decision to deny summary judgment, and (3) granting plaintiff's motion for summary judgment.

AS GROUNDS THEREFORE the defendant, Durod, states as follows:

1.      On November 21, 2005, after a hearing, this Court entered an order denying plaintiff's motion for summary judgment after submissions by the parties and after oral

argument.    The issues in dispute centrally involved whether the plaintiff, Langone, had the right audit records, impose fines, assess late fees as far back as 1997 concerning contributions to the New England Teamsters and Trucking Industry Pension pursuant to a Project Labor Agreement which the defendant, Durod, never signed, never expressed a manifest intent to be bound, or otherwise agreed to do anything other than to make contributions until March 26, 2002 when it executed an agreement, as a subcontractor to a project signatory, Modern Continental, to be bound by the Project Labor Agreement.

2.    On June 22, 2006, the parties submitted a Joint Pretrial Memorandum to the Court in anticipation of a Final Pretrial Conference on June 29, 2006 before Judge Reginald Lindsay.

3.    On June 29, 2006, the parties appeared for a Joint Pretrial Conference.   At said pretrial conference, it was agreed between counsel for the plaintiff and defendant and the clerk (Hourihan), that the matter would be referred on a voluntary basis for mediation with Magistrate Judge Bowler.    An order was subsequently entered on the docket referring the matter to mediation with Judge Bowler.    See attached Exhibit A.

4.    The initial mediation date of July 19, 2006 was rescheduled at the request of the plaintiff, Langone, to August 10, 2006, who filed an assented to motion with the Court on July 7, 2006.

5. After the pretrial conference but prior to the commencement of mediation with Magistrate Judge Bowler, on or about July 28, 2006, the plaintiff served and filed with the Court a Motion for Reconsideration (of the Order Denying Summary Judgment) on or about July 28, 2006.

6. Since the matter had been referred to mediation, plaintiff's counsel, John Conti, Esq., and defendant's counsel, Robert W. Galvin, Esq., agreed that the defendant would not need to file any opposition to the motion to reconsideration until efforts to settle the case through mediation until August 11, 2006. This was memorialized in an email between counsel on August 4, 2006.

7. On August 10, 2006, mediation was conducted before Judge Marianne Bowler at Federal District Court in Boston. As reported by Judge Bowler, there was progress during the mediation and the matter was further scheduled for a further mediation by agreement of the parties and the Court on October 24, 2006.

8. At mediation on August 10, 2006, defendant's counsel, Robert W. Galvin, Esq., addressed the issue of the outstanding Motion for Reconsideration with Judge Bowler. Judge Bowler recommended that the parties file a Joint Motion for Stay which she would allow.

9. On August 16, 2006, the plaintiff and defendant filed a Joint Motion for Stay on Action on Plaintiff's Motion for Reconsideration (filed July 28, 2006). Pursuant to said

motion, the parties agreed that they would establish a response date for opposition to the Motion for Reconsideration at the time of the next mediation session which was scheduled for October 24, 2006.   Said Motion for Stay was granted by the Court (Lindsay) on August 17, 2006.

10.    On October 18, 2006, the plaintiff filed a Motion to Reschedule the Mediation Session scheduled for October 24, 2006 until December 6, 2006 to which the defendant's counsel assented.    Said reasons related to the ability of the plaintiff's auditor to examine books and records of Durod.

11.    In early November 2006, the plaintiff's auditor commenced an audit of the defendant, Durod's employment records.    After several hours of work which included participation on behalf of the defendant's principal, the parties concluded that it would be necessary to obtain records from Modern Continental and/or the Massachusetts Highway Department which maintain their own records relative to certified payrolls, receive copies of and/or submit pension reports, and, in the case of Modern, paid Durod and has been alleged to have submitted pension reports during a portion of the time frame Durod was working on the project at issue, the Big Dig.

12.    As a consequence of needing to obtain records, the plaintiff and defendant agreed to file a further request to postpone the December 6, 2006 mediation session so that the auditor could complete her report and the parties would be in a position to settle claims at the next mediation.    The parties subsequently filed this motion on December 4, 2006

and the mediation was scheduled for February 9, 2006 by agreement with the Court. The motion was granted on December 4, 2006 by Judge Bowler.

13.   Prior to the December 6, 2006 date, the Court issued an Order (a copy of which is enclosed), terminating the Plaintiff's Motion for Reconsideration pending the conclusion of mediation between the parties.   Pursuant to that order, if the case was not successfully mediated, the plaintiff was directed to refile its motion and the defendant was advised that it would have the right to file an opposition to the motion in accordance with the local rules.   See attached Exhibit B.

14.   Pursuant to the agreement of the parties, the defendant issued subpoenas duces tecum to the Massachusetts Highway Department and Modern Continental for the production of the documents which the plaintiff and defendant believe will facilitate the resolution of the case.   Massachusetts Highway has answered that they are not in possession of the documents and Modern Continental has answered via its counsel that it has gathered the documents and awaiting instruction and agreement as to what to do with the documents.

15.   On Friday, January 12, 2007 at 4:15PM, this Court (Reginald Lindsay) issued an order allowing the plaintiff's Motion for Reconsideration, vacated the prior order denying Summary Judgment, and entered Summary Judgment for the plaintiff, Langone. Electronic notice of the same was sent then and later on that date.

16.     The following week, after the holiday weekend, counsel for the plaintiff conferred with counsel for the defendant, more particularly after plaintiff's counsel filed on January 16, 2007, a Motion for Trustee Process Attachment which appeared to follow the entry of judgment since it referenced the judgment as a basis for proceeding on said motion.

17.     Plaintiff's counsel indicated that he also was surprised by the action of the Court in allowing the motion given the posture of the case.     Defendant's counsel indicated to plaintiff's counsel concerning the action on the Motion for Reconsideration that he intended to contact the clerk's office to determine whether there had been some type of error in the allowance of the motion.

18.     Thereafter, defendant's counsel, Robert W. Galvin, has contacted the clerks for Judge Lindsay and Magistrate Judge Bowler to determine if there might have been some type of error.

19.     On January 22, 2006, defendant's counsel heard back from Judge Lindsay's Clerk (Mr. York) that there wasn't any clear indication what happened yet and recommended the filing of a Motion for Reconsideration and/or to Vacate.     This motion follows.

20.     Allowance of the plaintiff's Motion for Reconsideration comes as a complete surprise to all parties, most particularly to the defendants, given the procedural posture of the case as coming up for further mediation on February 9, 2006, and comes technically without any motion being active since the November 21, 2006 order terminated said

motion and directed that the plaintiff would refile and the defendant would have an opportunity to respond to the Motion for Reconsideration after the refilling.

21. Said motion appeared to be allowed in error and was certainly made without the benefit of any opposition from the defendant which the defendant would have submitted had there been any indication that the motion was under consideration.

22. At a minimum, defendants should be afforded the reasonable opportunity to submit a written opposition and be afforded right to request oral argument on the Motion for Reconsideration.

23. This action also places the defendant of having to mediate settlement of a case which has been wholly or partially adjudicated.

24. The interests of fairness and justice require that the action taken be set aside and the parties be able to proceed with their mediation and/or be provided a reasonable opportunity to oppose the Motion for Reconsideration.

WHEREFORE the defendant, Durod, requests that its Motion for Reconsideration be allowed and that the orders entered on January 12, 2007 be vacated and the matter proceed to mediation on February 9, 2006.

Respectfully Submitted
DUROD
By its Attorney,

Dated:  January 24, 2007

/s/  Robert W. Galvin

_____
Robert W. Galvin, Esq.
Galvin & Galvin, SP
10 Enterprise Street, Suite 3
Duxbury, MA   02332-3315
(781) 934-5678
BBO # 561397  (RWG)


**CERTIFICATION OF COMPLIANCE WITH LOCAL RULES 7.1(A)(2)**

The undersigned counsel hereby certifies that a good faith attempt was made to eliminate and narrow the issues raised in this motion by conferring with plaintiff's attorney, John Conti, on January 23, 2007 and requesting assent to such a motion.

/s/  Robert W. Galvin

Dated:  January 23, 2007


**CERTIFICATE OF SERVICE**

The undersigned counsel hereby certifies that a true and correct copy of this document was served upon counsel of record for the plaintiff: Jonathan M. Conti, Esq. and Catherine M. Campbell, Esq., Feinberg, Campbell & Zack, PC, 177 Milk Street, Suite 300, Boston, Massachusetts   02109 by facsimile and first-class mail, postage prepaid this 23rd day of January, 2007.

/s/  Robert W. Galvin____

Dated: January 23, 2007