UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
CLERKS OFFICE
2007 JAN 29 P 12: 33
U.S. DISTRICT COURT
DISTRICT OF MASS

CHARLES LANGONE, as FUND MANAGER )
of the NEW ENGLAND TEAMSTERS AND )
TRUCKING INDUSTRY PENSION FUND, )
)
)
Plaintiff, )
) C.A. No. 04cv10039 RCL
v. )
)
DUROD, LIMITED )
)
Defendant. )

OPPOSITION OF THE DEFENDANT, DUROD, LTD., TO
PLAINTIFF'S MOTION FOR TRUSTEE PROCESS ATTACHMENT

NOW COMES the defendant, Durod, Ltd. ("Durod"), and hereby opposes the Plaintiff, Charles Langone, Fund Manager of the New England Teamster and Trucking Industry Pension Fund's ("Langone"), Motion for a Trustee Process Attachment filed on January 16, 2007 pursuant to the applicable Federal Rules of Civil Procedure and Local Rule 7.1. As grounds therefore, as more fully developed below, the defendant states that the plaintiff (1) has misstated the nature of the actual controversy between them in order to improve its chances of obtaining an attachment; (2) has not been truthful concerning its production of records and the status of records which were being produced; (3) has falsely stated that the defendant failed to file remittance reports for certain periods of time when in fact Durod had in fact filed remittance reports for said period of time and has actual knowledge that Durod was not working on the project

during another portion of that time; (4) estimated that a certain amount of contributions were due at times when it possessed actual remittance reports showing contrary information; (5) fails to take into account that at the commencement of the time frame that contributions were due that defendant, Durod, paid the employees affiliated with the union the contribution amounts and then was obligated to pay the same amount again to the two union funds; (6) misstates that the funds sought to be attached are not for wages, when in fact, they reimburse the defendant, Durod, for wages paid in advance of disbursement, (7) seeks to deprive the defendant, Durod, of operating funds when Durod has adequate equipment from which a judgment could be satisfied; (8) ignores the fact that the signatory to the project labor agreement, Modern Continental, posted payment bonds which upon information and belief are available to pay union contributions; and (9) is basically compensating the union for bringing this lawsuit when in fact said lawsuit continues because the plaintiff, Langone, seeks to subject, Durod to audit, expense and review of all of its records for work that occurred as far back as 10 years ago.   Attached hereto is an Affidavit of James Roderick, Jr., President of Durod, Ltd. further supporting this opposition.

       AND FURTHER the defendant, Durod, states as follows:

1.      On January 16, 2007, the defendant, Durod, learned via counsel, that on January 12, 2007, the Court granted the plaintiff, Langone's Motion for Reconsideration and issued Summary Judgment in favor of the plaintiff, Langone, despite the fact that the Motion for Reconsideration had been ordered <u>terminated</u> by the Court on November 21,

2006 and the parties were in the process of completing mediation and an audit of certain of Durod's books and records commenced in November 2006.

2.  The plaintiff, Langone, in support of its Motion for Trustee Process Attachment and the quantity of the sums sought to be attached elected to focus primarily on a time frame of February 2004 through October of 2004 during which time frame it claims that the defendant, Durod, did not file remittance reports and should have been paying contributions averaging an estimated at $2,658.33 per month ($21,268.21 total) based on average monthly contributions for the six months preceding the alleged delinquency. See Paragraphs 7 & 8 of the Motion for Trustee Process Attachment.

3.  As set forth in the Affidavit of James Roderick, Jr., and has previously stated under oath before, the plaintiff, Langone, in this particular time frame, is ignoring remittance reports actually filed for employees and hired trucks.   Copies of remittance reports to the Pension Fund and Checks to the Pension Fund from Durod and also from Modern Continental to Durod and the Union for the Pension Fund for this same time frame are attached hereto as Exhibit A.

4.  Said information was the same information that was made available to Colleen Barrett Holland in November 2006 when an audit was commenced at defendant's counsel's office in furtherance of an effort to settle said case.   Affidavit of James Roderick, Jr.

5. In addition, the defendant, Durod, has repeatedly stated that and specifically stated again that forthwith upon service of the Motion for Trustee Process Attachment that the defendant, Durod, did not work on the subject project (the Big Dig) during the later part of July, August and September 2004 and as a consequence would not be responsible to make any payments to the Pension Fund for that time frame.

6. Durod has consistently taken the position that it would permit an audit of its books and records, its remittance reports and certified payroll records from March of 2002 to the present date but did not feel that it was legally or equitably obligated to submit to an audit or be subjected to fines prior to that date which Durod agreed to be bound by the terms of the Project Labor Agreement upon which the plaintiff, Langone, bases its right to audit, assess fines, late fees, etc. against the defendant, Durod.   See Opposition to Summary Judgment by Durod.

7. In furtherance of its agreement to permit an audit, Durod, agreed to obtain additional documents and then subpoenaed additional documents in December 2006 requested by the Pension Fund auditor which Durod expects will confirm all but the some admittedly late contributions occasioned by Durod's not receiving timely payments from Modern Continental, the general contractor.

8. Durod has further learned that the plaintiff, Langone, his agents, servants, employees and representatives contacted Modern Continental ("Modern"), the general contractor, and advised Modern that Durod had not made payments to the Pension fund

resulting in Modern holding up a $25,000.00 settlement made by and between Durod and Modern for past due invoices unpaid by Modern for equipment and also wages.    As a consequence of that communication and regardless of whether it was true or not, Modern treats such as a claim on its surety bond, and now refuses to release said money to Durod.

9.    The documents attached hereto also show a very clear pattern of Modern not tendering payments to Durod for months after the invoices which is another point Durod has been trying to demonstrate as a defense to asserted late fees imposed by the Pension Fund.

10.    Lastly, Durod has formally offered in its submissions to the Court on Summary Judgment that it is willing to pay any assessments after the completion of the audit for the time frame after 2002.    Moreover, it offered to pay some late fees which it admitted were due.

11.    Durod also has assets in the form of equipment which could be sold to pay for a judgment; however, the parties were trying to mediate the case (before the matter was adjudicated unexpectedly) and it is customary that mediated payments are typically paid.

For the foregoing reasons, the defendant, Durod, submits that there is no reasonable basis for an attachment or an attachment in the amount of money sought, that the Motion for Trustee Process should be denied on the basis that it contains improper speculation or outright misinformation about sums of money due, and because the

Pension Fund's own actions have resulted in Durod's operating expenses being tied up when there was no real basis in law and fact to do so.    The defendant, Durod, also points out that as in any case the reasonableness of counsel fees needs to be adjudicated and that there is nothing proper in the record allowing an evaluation of the reasonableness of these fees claimed.

Respectfully Submitted
DUROD
By its Attorney,

/s/ Robert W. Galvin

Dated: January 26, 2007

Robert W. Galvin, Esq.
Galvin & Galvin, SP
10 Enterprise Street, Suite 3
Duxbury, MA 02332-3315
(781) 934-5678
BBO # 561397 (RWG)

## CERTIFICATE OF SERVICE

The undersigned counsel hereby certifies that a true and correct copy of this document was served upon counsel of record for the plaintiff: Jonathan M. Conti, Esq. and Catherine M. Campbell, Esq., Feinberg, Campbell & Zack, PC, 177 Milk Street, Suite 300, Boston, Massachusetts   02109 by facsimile and first-class mail, postage prepaid this 26th day of January, 2007.

/s/ Robert W. Galvin

Robert W. Galvin, Esq.