UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

2007 JAN 29  P 12: 33

U.S. DISTRICT COURT
DISTRICT OF MASS.

CHARLES LANGONE, as FUND MANAGER )
of the NEW ENGLAND TEAMSTERS AND )
TRUCKING INDUSTRY PENSION FUND, )
)
Plaintiff, )
) C.A. No. 04cv10039 RCL
v. )
)
DUROD, LIMITED )
)
Defendant. )

AFFIDAVIT OF JAMES RODERICK, JR IN SUPPORT OF
OPPOSITION OF THE DEFENDANT, DUROD, LTD., TO
PLAINTIFF'S MOTION FOR TRUSTEE PROCESS ATTACHMENT

I, James Roderick, Jr., hereby depose and state under oath as follows:

1.  My name is James Roderick, Jr. I am the president of Durod, Ltd., the defendant in the above-referenced case. I have personal knowledge of all of the facts stated herein excepting those which I have stated to be on information and belief which I also believe to be true.

2.  I have been informed by counsel that the plaintiff, Langone, has filed a Motion for Trustee Process Attachment and the quantity of the sums sought to be attached focus primarily on a time frame of February 2004 through October of 2004 during which time frame it claims that my company, Durod, did not file remittance reports and should have

been paying contributions averaging an estimated at $2,658.33 per month ($21,268.21 total) based on average monthly contributions for the six months preceding the alleged delinquency.

3. On Tuesday of this week, I went to my counsel's office to review the records which I had made available to the Pension Fund auditor, Colleen Barrett-Holland, back in November 2006 to see whether such claims by the plaintiff, Langone, were true. I knew at that time that Durod was not working on the project in late July, August or September 2004. I have repeatedly stated all along that there were times like this that we did not make contributions to the fund because we were not working on the job and none were required. This was one of these times. Had the Pension Fund completed its audit (for which I was present), this would have been very clear to them then in writing.

3. I also located in this same particular time frame remittance reports actually completed for employees and hired trucks. Clearly, there were remittance reports, monthly contribution reports, check receipts and payments for employees and hired trucks from February, March, April, May and June 2004 from Durod to the Pension Fund. See Exhibit A (includes remittance reports, contribution reports, check receipts and payments).

4. In addition, I located a series of checks which were two party checks made payable to Durod and the Teamsters Unions covering the same period of time and through July 2004; a portion of this money went to the Pension Fund. There are

likewise remittance reports, contribution reports, invoices and the checks themselves. As seen from the documents, Modern Continental was seriously late paying Durod large sums of money also causing Durod to deduct the contribution amounts and requesting specific checks from Modern. These sums of money reflected in many weeks the operating capital of the company. This resulted in delays paying contributions to the Pension Fund through no fault of Durod but as a result of Modern. See Exhibit B (includes remittance reports, contribution reports, check receipts and payments).

5. For Mr. Langone to take the position that we did not submit remittance reports or tender payments from February 2004 to July 2004 is just simply false. I have also stated and state here again that Durod did not work on this project in late July, August and September 2004 and thus there were no contributions for those months. I am unaware of any rule requiring a remittance report stating 0; however, I have always been willing to submit them if it clears this issue up.

6. I believe assessing me estimated pension contributions based on prior months averages is just false and misleading because employees and hired trucks work to varying degrees each month and that Mr. Langone did this to annoy and harass me and my company.

7. I have consistently taken the position that I would permit an audit of its books and records, its remittance reports and certified payroll records from March of 2002 to the present date but did not feel that the company was legally or equitably obligated to

submit to an audit or be subjected to fines prior to that date which the company agreed to be bound by the terms of the Project Labor Agreement upon which the plaintiff, Langone, bases its right to audit, assess fines, late fees, etc. against the defendant, Durod.

8.      I have also further learned that the plaintiff, Langone, his agents, servants, employees and representatives contacted Modern Continental ("Modern"), the general contractor, and advised Modern that Durod had not made payments to the Pension fund resulting in Modern holding up a $25,000.00 settlement made by and between Durod and Modern for past due invoices unpaid by Modern for equipment and also wages.   The information includes the information that Durod owes money for these months referenced in the Motion of which they were made aware.

9.      As a consequence of that communication and regardless of whether it was true or not, Modern treated such communication as a claim on its surety bond, and now refuses to release said money to my company.

10.     Durod has formally offered in its submissions to the Court on Summary Judgment that it is willing to pay any assessments after the completion of the audit for the time frame after 2002.    Moreover, I have offered to pay some late fees which it admitted were due also.    Lastly, in the unlikely event that we did owe any type of significant money which I deny, my company, Durod also has assets in the form of equipment which could be sold to pay for a judgment.   We however were trying to mediate the case

before the matter was adjudicated unexpectedly.     I hope that the judgment entered in error.

11.    I feel that I should not have had to defend against this motion since there was no reasonable basis for an attachment or an attachment in the amount of money sought, that the Motion for Trustee Process contains improper speculation or outright false information or at best speculation about sums of money due which are not due, and because the Pension Fund's own actions have resulted in Durod's operating expenses being tied up when there was no real basis in law and fact to do so.

SIGNED UNDER THE PENALTIES OF PERJURY

DATED:  JANUARY 26, 2007

James Roderick, Jr.