UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| CHARLES LANGONE, as FUND MANAGER of the NEW ENGLAND TEAMSTERS AND TRUCKING INDUSTRY PENSION FUND,<br><br>       Plaintiff,<br><br>v.<br><br>DUROD, LIMITED<br><br>       Defendant. | C.A. No. 04cv10039 RCL |

JOINT MOTION TO RESCHEDULE THE STATUS/MEDIATION HEARING
FROM MARCH 27, 2007 TO MAY 11, 2007

NOW COME Plaintiff, Charles Langone, and Defendant, Durod, Ltd., and hereby move this Honorable Court to reschedule the Status/Mediation Hearing currently scheduled for March 27, 2006 before Magistrate Judge Marianne B. Bowler, to Friday, May 11, 2007 or such other date and time as is convenient to the Court.

AS GROUNDS therefore, Plaintiff and Defendant state as follows:

1.  That on multiple dates each week from January, February and March 2007 (through and including March 19, 2007) an agreed upon audit was conducted by the Plaintiff's representative, Collen Barrett-Holland, with the Defendant relative to the Defendant's work on the Central Artery Tunnel (CA/T) project producing all pension

reports, certified payrolls, independent contractor invoices, wage and hour statements for union personnel.

2.      Prior to the commencement of the audit, Durod obtained via subpoena additional wage related information from the general contractor on the CA/T Project which said information was obtained in late January 2007.

3.      The documentation reviewed was contained in approximately 19 bank boxes and involved records from 1997 through 2005, thousands of invoices, payroll records, wage reports, and apparently hundreds of employees and/or sub=subcontractors.

4.      The summary results of the audit were sent via electronic mail in excel format at 5:25PM on Thursday, March 22, 2007 and received on Friday morning, March 23, 2007.  The supporting documentation relating to the audit is supposed to be delivered according to Plaintiff's counsel to Defendant's counsel sometime today but is unavailable at the time of this motion.

5.      In order to fairly and intelligently participate in settlement which the Defendant is willing to do, the Defendant needs a sufficient period of time to review the audit with its accountant and also to see the back-up documentation which supports the audit.       Plaintiff's counsel, understanding the need to have time to review the audit results, agrees that an extension is appropriate and fair to the Defendant.

6.      The further rescheduling of this status/mediation date is in the interest of judicial economy and is the best way to conclude matters in mediation so that both parties understand what is and is not actually at issue.

WHEREFORE, Plaintiff, Charles Langone, and Defendant, Durod, request an approval of the requested rescheduling to May 11, 2007.

Dated:  March 23, 2007

| RESPECTFULLY SUBMITTED | ASSENTED TO: |
| By Plaintiff's Counsel | Durod, Ltd. |
| | By its Counsel |
| | |
| /s/ Jonathan M. Conti | /s/ Robert Galvin |
| Jonathan M. Conti, Esq. | Robert W. Galvin, Esq. |
| Feinberg, Campbell & Zack, PC | Galvin & Galvin, SP |
| 177 Milk Street | 10 Enterprise Street, Suite 3 |
| Boston, MA 02109 | Duxbury MA 02332-3315 |
| BBO#:  657163 | BBO#:  561397 |