UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CHARLES LANGONE, as FUND MANAGER of the NEW ENGLAND TEAMSTERS AND TRUCKING INDUSTRY PENSION FUND,<br><br>      Plaintiff,<br><br>v.<br><br>DUROD, LIMITED<br><br>      Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)   C.A. No. 04cv10039 RCL<br>)<br>)<br>)<br>)<br>)<br>) |

## SUPPLEMENTAL AFFIDAVIT OF CHARLES LANGONE

I, Charles Langone, under oath and based on my personal knowledge, hereby depose and state the following:

1. My name is Charles Langone and I am the Fund Manager for the New England Teamsters & Trucking Industry Pension Fund (hereinafter "Pension Fund" or "Fund").

2. At the March 1998 Trustees meeting, which I attended as Fund Manager, the Trustees of the Fund voted to approve Durod, Ltd., as a contributing employer in the New England Teamsters and Trucking Industry Pension Fund with a participation commencement date of July 1, 1997. A copy of the document from the March 1998 Trustees meeting showing the acceptance of Durod as a contributing employer in the Fund is attached hereto as Exhibit A.

3. In accepting Durod as a contributing employer, the Trustees of the Fund, pursuant to their discretion under Article IV of the Trust Agreement, as well as Article I, Section 1.09 of the Rules and Regulations of the Plan, voted to waive any requirement that Durod sign the Trust Agreement or a collective bargaining agreement with a Teamster Union because Durod, by

   working on the Central Artery Tunnel project, was bound by the terms of the Central Artery (I-93)/Tunnel (I-90) Project Labor Agreement.

4. In voting to approve Durod as a Contributing Employer in the Fund, the Trustees reviewed the two letters dated November 13, 1997 from the Fund to Durod; the November 19, 1997 letter from Paul V. Walsh of Teamsters Local 379 to the Fund requesting that the Fund open an account for Durod; and the Fund Questionnaire completed by Durod on November 20, 1997. These documents were attached to my original affidavit.

5. The Trustees, as is their discretion, chose to waive the traditional requirements of having the contributing employer sign the collective bargaining agreement and Trust Agreement based upon the nature of the Central Artery Tunnel Project, in that Durod, by working on the Project, agreed to be bound to the terms of the Project Labor Agreement and the Fund's Trust Agreement, and because it was understood that Durod would only be a contributing employer in the Fund with respect to the work it performed on the Central Artery Tunnel Project under the PLA.

6. Following the Trustees' of the Fund's formal approval of Durod as a contributing employer in the Fund, I sent a letter dated March 23, 1998 to Durod, attached hereto as Exhibit B, in which I informed Durod that the Trustees of the Fund had voted to accept Durod as a contributing employer in the Fund with a participation commencement date of July 1, 1997.

7. Durod never responded to my March 23, 1998 letter with any protest that it had not agreed or was not interested in being a contributing employer in the Fund.

8. From July 1997 to date, Durod has made contributions to the Fund in the total amount of $502,321.69, including $374,079.36 in contributions between November 1997 and

February 2002, and reported its contributions on remittance reports provided by the Fund to Durod. A copy of the payments made to the Fund is attached hereto as Exhibit C.

9. At the time Fund counsel was preparing the Fund's Motion for Summary Judgment, the Fund was in the process of relocating its entire offices from 535 Boylston Street in Boston, Massachusetts to One Wall Street in Burlington, Massachusetts. As a result of the confusion caused by the move, documents dating back over the past ten years became disorganized, and although the Fund had documentation from 1997 showing that Durod began working on the Central Artery Tunnel project, that an account was opened for Durod, that Durod completed the Fund Questionnaire, and that Durod made contributions beginning in November 1997, the Fund could not locate any documentation establishing the formal acceptance of Durod by the Trustees of the Fund as a contributing employer in the Fund.

10. Plaintiff's counsel filed its Motion for Summary Judgment on June 10, 2005, only four days after the Fund had completed its relocation from Boston to Burlington, Massachusetts. A copy of the page from the Fund's website is attached hereto as Exhibit D, which shows that the Fund completed its move to Burlington as of June 6, 2005.

11. During the course of preparing for the Final Pretrial Conference and drafting the Pretrial Memorandum and Trial Appendix, I was able to locate, for the first time since this litigation began, a copy of the March 1998 Trustees meeting document which establishes that the Trustees approved and accepted Durod, Ltd., as a contributing employer in the Fund with a participation commencement date of July 1, 1997 (Exhibit A), as well as the letter I wrote to Durod dated March 23, 1998 informing Durod that it had been formally approved as a contributing employer in the Fund. (Exhibit B).

12. The Fund is seeking to audit Durod based upon its fiduciary duty to determine whether all individuals who worked on the Central Artery Tunnel Project were properly credited for the hours of work performed for Durod, and to determine whether contributions were properly made on those employees' behalf and whether those individuals would be entitled to pension credits.

SIGNED UNDER THE PENALTIES OF PERJURY THIS 29th DAY OF JUNE 2007.

/S/ Charles Langone
Charles Langone

4