UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
**************************************
CHARLES LANGONE, as FUND           *
MANAGER of the NEW ENGLAND         *
TEAMSTERS and TRUCKING             *
INDUSTRY PENSION FUND,             *
      Plaintiff,                   *     C.A. NO. 04CV10039 RCL
                                   *
V.                                 *
                                   *
DUROD, LIMITED                     *
      Defendant.                   *
**************************************
```

MOTION FOR STAY OF PROCEEDINGS

NOW COMES counsel for the defendant, Durod, Ltd. (hereinafter "Durod") and hereby moves this Honorable Court for a Stay of Proceedings pending the final resolution of criminal proceedings pending in Suffolk Superior Court involving a principal officer, director and shareholder in Durod, Ltd., James R. Roderick, Jr. and his father, James R. Roderick, Sr. who has also performed services with the defendant, Durod, Ltd.

AS GROUNDS THEREFORE the defendant, Durod, Ltd., states as follows:

1. The instant action was filed in 2004 by the plaintiff, Langone, against Durod, Ltd., seeking the right to audit and then the right to collect any deficiencies due arising from and related to alleged delinquent contributions to the Pension Fund.

2.     Durod and its principal from the outset of the case denied that the plaintiff had any right to audit the books and records pursuant to the Union's rules and regulations prior to its agreement to be bound by the terms of the Project Labor Agreement and Trust Agreement in March of 2002.    Durod acknowledged from the outset that it had been late and offered to pay for the late fees and interest on the delinquent contributions but protested the right of the Union Pension Fund to audit for time frames preceding 2002. Said issues were the subject of much of the early motion practice in this case.   Durod maintains to this date that the delinquency alleged to exist after Durod permitted an audit with all of its available records is erroneous since it is based on its rules and regulations and interpretations rather than actual time worked by the affected drivers.

3.     In February and March 2007, Durod agreed to permit an audit which Durod maintains is erroneous.

4.     Further efforts to resolve this case in mediation with Magistrate Judge Bowler have been unsuccessful.

5.     Since the last court date, on or about September 27, 2007, a principal in Durod, Ltd., James Roderick, Jr. and his father, James Roderick, Sr. have been indicted on criminal charges in Suffolk Superior Court (Docket Nos. SUCR2007-11001 and SUCR2007-11088) on charges relating to financial matters stemming from work involving the same project (CA/T Project).

6. Stay of these proceedings would be warranted since inquiry on related issues in the instant case involving truck time and truck drivers on the same CA/T could necessitate the assertion of constitutional rights under the Fifth Amendment.

7. Since the filing of the criminal charges, James Roderick, Jr. and James Roderick, Sr. have been obligated to expend all of their resources to defending against the criminal charges claims against them in the state court including engaging individual counsel at great cost and expense. Since Durod is dependent on them and it does not have the financial means to defend against the claims in this case while fighting the pending criminal charges against the Rodericks.

8. The criminal cases are scheduled for conference on February 28, 2008, April 11, 2008 and ultimately trial on July 14, 2008 in Suffolk Superior Court.

9. A delay until shortly after July involves a period of six (6) months is the only way to preserve the companies' right to defend against the claims by the plaintiff.

WHEREFORE the defendant, Durod, Ltd., by its counsel, requests that this matter be stayed until after the conclusion of the criminal matters referenced above.

                                                Respectfully Submitted
                                                DUROD, LTD.
                                                By its Counsel

DATED:   1/24/2008                               /S/   Robert W. Galvin

                                                _____
                                                Robert W. Galvin, Esq.
                                                10 Enterprise Street, Suite 3
                                                Duxbury, MA  02332-3315
                                                (781) 934-5678
                                                BBO # 184000 REG
                                                BBO # 561397  RWG

## CERTIFICATE OF COMPLIANCE

     I. Robert W. Galvin, hereby certify that in accordance with Local Rule 7.1. I have conferred with counsel of record in this matter.

                                                        /S/ Robert W. Galvin
                                                  _____
                                                  Robert W. Galvin

## CERTIFICATE OF SERVICE

     I, Robert W. Galvin, Esq., hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Electronic Filing (NEF) on 1/24/08.

                                                   /S/  Robert W. Galvin
                                                _____
                                                Robert W. Galvin