UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CHARLES LANGONE, as FUND MANAGER of the NEW ENGLAND TEAMSTERS AND TRUCKING INDUSTRY PENSION FUND,<br><br>Plaintiff,<br><br>v.<br><br>DUROD, LIMITED<br><br>Defendant. | C.A. No. 04cv10039 RCL |

**PLAINTIFF'S OPPOSITION TO**
**DEFENDANT'S MOTION FOR STAY OF PROCEEDINGS**

**NOW COMES** Plaintiff, Charles Langone, as Fund Manager for the New England Teamsters and Trucking Industry Pension Fund, and moves this Honorable Court to deny Defendant, Durod, Ltd's (hereinafter "Durod") Motion for Stay of Proceedings

**I.   Background**

The instant action was filed in 2004 to compel a payroll audit of Durod and to collect delinquent contributions for worked performed on the Central Artery Tunnel Project. Plaintiff maintains that Durod was obligated to make contributions starting in 1997 pursuant to the Project Labor Agreement ("PLA"), the Central Artery/Tunnel Project Memorandum of Agreement on Trucking Issues ("MOA") and a Memorandum of Understanding as to Teamster Benefits ("MOU") entered into between Plaintiff and Durod. Plaintiff also maintains that Defendant is bound to makes contributions because in March 1998, the

Trustees of the New England Teamsters and Trucking Industry Pension Fund ("the Fund") accepted Durod as a Contributing Employer to the Fund with a July 1, 1997 participation date. Lastly, in March 2002, Durod reaffirmed its assent to the PLA by signing the "Exhibit A Certification."

On July 7, 2006 the Court ordered both parties to enter into mediation before Magistrate Judge Marianne B. Bowler, but mediation was unsuccessful. A Final pre-Trial Conference is scheduled for January 31, 2008.

**II.     Argument**

Defendant based its Motion for Stay of Proceeding upon the fact that since the last court date in September 2007, James Roderick, Jr. and James Roderick Sr. have been indicted on criminal charges in relation to work performed by Durod on the Central Artery Tunnel Project. It is the Plaintiff's position that the Court should deny Defendant's Motion for Stay because a stay would be prejudicial to the Plaintiff.

In deciding whether to stay civil proceedings on account of concurrent criminal proceedings, "the judge's task is to balance any prejudice to the other civil litigants which might result from granting a stay, against the potential harm to the party claiming the privilege if he is compelled to choose between defending the civil action and protecting himself from criminal prosecution."  *Hart v. Philip*, 19 Mass. L. Rep. 727, 2005 Mass. Super. LEXIS 437 (Sup. Ct. 2005) quoting *Gordon v. Federal Deposit Insurance Corp.*, 427 F.2d 578, 580 (D.C. Cir. 1970).

Durod is seeking a stay based upon a claim of privilege against self-incrimination, but its vague reference to the indictment and this case both involving "truck time and truck drivers" on the same project, does not illustrate just how James Roderick, Jr. or James

2

Roderick Sr. might be incriminated in defending this case "The mere fact that a man is indicted cannot give him a blank check to block all civil litigation on the same or related underlying subject matter." Id. The criminal indictment and this case are materially different from one another. Upon information and belief, the criminal proceedings involve charges of defrauding the Commonwealth of Massachusetts through the inflation of the weights of truckloads of construction materials that Durod hauled away from the Central Artery Tunnel Project. This civil proceeding, however, simply involves the collection of delinquent contributions owed to the New England Teamsters and Trucking Industry Pension Fund. There is no factual correlation between the two cases other than both cases concern the same large construction project. Contributions to the Pension Fund are based on hours employees worked and are unrelated to the weight of truckloads hauled away from the Big Dig.

Further, "while a judge may not turn a deaf ear to a serious claim of privilege, such a claim must in fact be serious." *Hart v. Philip*, 19 Mass. L. Rep. 727 (Sup. Ct. 2005). (No basis for stay based upon a claim of 5th Amendment privilege where the civil and criminal cases were unrelated to one another). In the present case, Durod's pending criminal charges are unrelated and materially different from the civil suit regarding Plaintiff's collection of delinquent contributions. Absent a showing of a more detailed connection, Durod should not be allowed to assert a privilege claim to stay these proceedings.

Durod also seeks a stay based upon alleged financial hardship. Durod argues that they do not presently have the financial means to defend against both the criminal indictment and this civil proceeding. However, there is no assurance that Durod will have any greater financial ability to defend this case in six months, after the criminal trial.

Furthermore, while Durod argues that a criminal trial will be over shortly after July 2008 and that a stay would only be for six months, if any of the three court dates between February 27, 2008 and July 14, 2008 are postponed, the Fund could be waiting much longer than six months before continuing these proceedings. Moreover, James Roderick, Jr. and James Roderick Sr., might conceivably be in prison should they be found guilty of the criminal charges.

Durod therefore cannot assure this Court with any certainty that it will either have the financial means to defend this case after the criminal trial or that the criminal proceedings will be over shortly after July 2008.

## III.    CONCLUSION

For all of the foregoing reasons, the particular circumstances and competing interests of this case do not warrant the granting of a stay of these proceedings. Accordingly, Plaintiff respectfully requests that this court deny Defendant's Motion for Stay of Proceedings.

Dated:  January 31, 2008                    Respectfully submitted,

                                            For the Plaintiff,
                                            CHARLES LANGONE, as
                                            FUND MANAGER of the
                                            NEW ENGLAND TEAMSTERS &
                                            TRUCKING INDUSTRY PENSION FUND,

                                            By his Attorneys,

                                            /S/ Jonathan M. Conti
                                            Catherine M. Campbell, BBO #549397
                                            Jonathan M. Conti, BBO #657163
                                            Feinberg, Campbell & Zack, P.C.
                                            177 Milk Street, Boston, MA 02109
                                            (617) 338-1976

**CERTIFICATE OF COMPLIANCE**

    I, Jonathan M. Conti, hereby certify that pursuant to Local Rule 7.1, I have conferred in good faith with counsel of record in this matter.

                                                            /S/ Jonathan M. Conti
                                                            Jonathan M. Conti

**CERTIFICATE OF SERVICE**

    I, Jonathan M. Conti, attorney for the Plaintiff, hereby certify that on this day I mailed a copy of the within document by first class mail, postage prepaid, to Robert W. Galvin, Esq., Galvin & Galvin, SP, 10 Enterprise Street, Suite 3, Duxbury, MA 02332-3315.

Dated: January 31, 2008                                    /S/ Jonathan M. Conti
                                                                 Jonathan M. Conti